**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Raymond NIELSEN,**
**Defendant–Appellant.**

**No. 06–10485.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed June 12, 2007.

404

Michael K. Kawahara, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela E. Tamashiro, Esq., Honolulu, HI, for Defendant–Appellant.

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Michael Nielsen appeals the district court's denial of his suppression motion. He argues that the discovery of methamphetamine in his truck parked at the Honolulu Airport was the fruit of an unconstitutional seizure and therefore must be suppressed. We disagree with this contention and affirm the district court.

* This disposition is not appropriate for publication and is not precedent except as provided

■ Although Nielsen argues on appeal that he was seized for Fourth Amendment purposes between the time that the police officers completed the search of his checked luggage at the baggage carousel and when they instructed him not to leave the taxi stand, he did not make this argument before the district court. The argument is thus waived. *See United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir.2001).

■ In any event, the district court's finding that interaction between Nielsen and the officers was consensual until they instructed him not to leave the taxi stand is not clearly erroneous. During this period, the officers merely followed behind Nielsen through public sections of the airport and allowed Nielsen to take steps to leave the airport. "[T]aking into account all of the circumstances surrounding the encounter, the police conduct would [not] 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (quoting *Michigan v. Chesternut,* 486 U.S. 567, 569, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988)). It does not matter whether the officers intended to allow Nielsen to leave the airport, so long as they did not communicate this intention to him. *See United States v. Woods,* 720 F.2d 1022, 1026 (9th Cir.1983). Moreover, Nielsen asked at the taxi stand whether he was *then* being detained, indicating his understanding that he was not detained before that.

**AFFIRMED.**